IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01860-MEH

JASON FORBES,

    Plaintiff,

v.

GARCIA, Deputy, EID #13141,
YOSHIMIYA, Deputy, EID #13080, and
GONZALES, Deputy, EID #07092,

    Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion for Reconsideration [filed December 29, 2016; ECF No. 190], which the Court construes as a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). The parties have not requested oral argument, and the Court finds it will not assist in the adjudication of the motion. Based on the record herein and for the reasons that follow, the Plaintiff's motion is denied.[1]

**I.  Background**

Plaintiff filed the operative Second Amended Complaint ("SAC") on April 4, 2016 alleging essentially that Defendants deprived him of his Eighth and/or Fourteenth Amendment rights against cruel and unusual punishment by Defendant's deliberate indifference to Plaintiff's health and safety. SAC, ECF No. 82. Defendants responded to the operative pleading by filing a Motion to Dismiss

---

[1] The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636 and D.C. Colo. LCivR 40.1 on December 4, 2015. *See* ECF No. 23.

on April 12, 2016.  ECF No. 86.  On June 8, 2016, the Court granted in part and denied in part the Defendants' motion to dismiss, concluding that Plaintiff stated plausible claims for excessive force in violation of the Fourteenth Amendment as alleged in Claims One and Four against Defendants Garcia, Gonzales, and Yoshimiya and, for these claims, Plaintiff could seek recovery of compensatory and punitive damages as requested in Claim One and compensatory damages as requested in Claim Four.  ECF No. 114.

Discovery proceeded on the remaining claims in this case and, thereafter, Defendants timely filed a motion seeking summary judgment in their favor, contending Plaintiff had no evidence demonstrating he properly exhausted his administrative remedies.  Mot., ECF No. 179.  The Court agreed and issued an order granting summary judgment in the Defendants' favor on December 15, 2016 concluding "the evidence produced is insufficient to demonstrate any issues of material fact concerning whether Plaintiff properly exhausted his administrative remedies before bringing his Claims One and Four against the Defendants in this action."  Order, ECF No. 186.  The present motion titled, "Objection to Docket 186 with Reconsideration on Order," followed on December 29, 2016.

## II.     Discussion

The Court must construe the Plaintiff's motion to reconsider liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van*

*Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to reconsider filed more than [28] days after the final judgment should be considered pursuant to Rule 60(b).  *Id.*; *see also* Fed. R. Civ. P. 59(e).    Plaintiff filed his motion to reconsider 14 days after the order granting summary judgment was entered in this action on December 15, 2016.  Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e).  *See id.*

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).  Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id.; see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence.").  A motion to alter or amend that reiterates issues originally raised in the motion and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e).  *See Van Skiver,* 952 F.2d at 1244.

The Court notes at the outset that, in his reply brief titled "Reply in Support of Docket 190," Plaintiff appears to seek withdrawal of his motion in favor of appeal to the Tenth Circuit Court of Appeals (*see* ECF No. 195); however, because such request is not clear, the Court will proceed with analysis and adjudication of the motion.

Here, Plaintiff's motion refers to no "intervening change in controlling law" nor "the availability of new evidence."  Thus, his motion is construed as brought under the third ground seeking to challenge the legal correctness of the court's judgment.  This Court perceives no clear

error nor manifest injustice in its order. Plaintiff contends that "oral complaints" were sufficient to exhaust his remedies for Claims One and Four; however, the Court has already concluded that Plaintiff was required to exhaust all "available" remedies, which, in this case, included both "oral" (informal) and written (formal) complaints. *See* Order, ECF No. 186 at 10–12. Furthermore, any attempt by Plaintiff to advance arguments now that could have been addressed in the briefing on summary judgment cannot serve as a basis to alter or amend the judgment.

## III.    Conclusion

Because the Plaintiff has failed to demonstrate an intervening change in controlling law; the availability of new evidence; or the need to correct clear error or prevent manifest injustice, the Court will **deny** Plaintiff's Motion for Reconsideration [filed December 29, 2016; ECF No. 190].

Dated this 26th day of January, 2017 in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge